**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | | |
|---|---|---|---|
| PATRICIA RODRIGUEZ, | ) | | |
| | ) | | |
| Plaintiff, | ) | | |
| | ) | | FILED: APRIL 12, 2008 |
| v. | ) | No. | 08 CV 2095   JH |
| | ) | | JUDGE LEINENWEBER |
| The CITY OF CHICAGO, CHICAGO | ) | Judge | MAGISTRATE JUDGE NOLAN |
| POLICE OFFICERS M. MALDONADO, | ) | | |
| Star # 19179, N. BARRY, Star # 3696, | ) | Magistrate Judge | |
| C. TRAYNOR, Star # 8903 | ) | | |
| UNKNOWN CHICAGO POLICE | ) | | |
| OFFICERS, G-A RESTAURANT, LLC | ) | | |
| (d/b/a õManor / Stayö), COLIN COMER, | ) | | |
| and UNKNOWN G-A RESTAURANT | ) | | |
| EMPLOYEES | ) | | |
| | ) | | |
| Defendants. | ) | **JURY DEMANDED** | |

## COMPLAINT

NOW COMES the plaintiff, PATRICIA RODRIGUEZ, through her attorneys, A Law Office of Christopher R. Smith, Christopher R. Smith and Jared S. Kosoglad, and complaining of the defendants CITY OF CHICAGO, and CHICAGO POLICE OFFICERS M. MALDONADO, Star # 19179, N. BARRY, Star # 3696, C. TRAYNOR, Star # 8903, UNKNOWN CHICAGO POLICE OFFICERS, G-A RESTAURANT, LLC (d/b/a õManor /Stayö), COLIN COMER, and UNKNOWN G-A RESTAURANT, LLC EMPLOYEES, states as follows:

### INTRODUCTION

1. This is a civil action seeking damages against defendants for committing acts under color of law and depriving plaintiff of rights secured by the Constitution and laws of the United States, as well as for damages resulting from a false arrest.

.

## JURISDICTION

2. The jurisdiction of this Court is invoked pursuant to the Civil Rights Act, 42 U.S.C., § 1983, and § 1985; the judicial code 28 U.S.C., § 1331 and 1343 (a); the Constitution of the United States; and pendent jurisdiction as provided under U.S.C., § 1367(a).

## PARTIES

3. Plaintiff is a citizen of the United States of America, who currently resides in Cook County, IL.

4. Defendants, CHICAGO POLICE OFFICERS M. MALDONADO, Star # 19179, N. BARRY, Star # 3696, C. TRAYNOR, Star # 8903, and UNKNOWN CHICAGO POLICE OFFICERS, were, at the time of this occurrence, duly licensed Chicago Police Officers. They engaged in the conduct complained of while on duty in the course and scope of their employment and under color of law. They are sued in their individual capacities.

5. Defendant City of Chicago, ("City") is a municipal corporation duly incorporated under the laws of the State of Illinois, and is the employer and principal of the police officer defendants.

6. Defendants COLIN COMER and UNKNOWN G-A RESTAURANT, LLC EMPLOYEES, were, at the time of this occurrence, employed by G-A RESTAURANT, LLC (d/b/a "Manor /Stay"). They engaged in the conduct complained of while employed and working on behalf of G-A Restaurant, LLC and in the course and scope of their employment. They are sued in their individual capacities.

7. Defendant G-A RESTAURANT, LLC is an Illinois limited liability company duly incorporated under the laws of the State of Illinois that does business as "Manor/Stay" or Manor

Bar at 642 N. Clark Street, Chicago, IL.

## FACTS

8. On or about midnight on December 12, 2007, Plaintiff Patricia Rodriguez entered the Manor Bar, 642 N. Clark Street, Chicago, IL 60610.

9. Defendants Unknown G-A Restaurant Employees confined Patricia Rodriguez against her will.

10. Defendants Unknown G-A Restaurant Employees intentionally made offensive bodily contact against Patricia Rodriguez and inflicted bodily harm to Patricia Rodriguez.

11. Defendant Unknown G-A Restaurant Employee ordered security staff to forcefully remove Patricia Rodriguez from the property, without any lawful basis.

12. Defendant Unknown G-A Restaurant Employee delivered Plaintiff to an Unknown Chicago Police Officer who operated a Chicago Police squadrol and had plaintiff charged with a crime for which defendant G-A- Restaurant Employee knew Patricia Rodriguez did not commit.

13. Outside Manor Bar, Defendant Unknown G-A Restaurant Employee had a conversation with defendant Unknown Chicago Police Officer.

14. Plaintiff was transported inside a Chicago Police squadrol.

15. Defendant Unknown Chicago Police Officer, the operator of the Chicago Police squadrol, threatened to force plaintiff into Lake Michigan while wearing handcuffs and drown her.

16. Plaintiff was wearing handcuffs at the time the threat was made.

17. Defendant Unknown Chicago Police Officer transported plaintiff to Lake Michigan and opened the rear of the squadrol.

18. At said time, defendant Unknown Chicago Police Officer caused plaintiff

reasonable apprehension of imminent bodily harm.

19. The transport from Manor Bar to the police station took in excess of one hour.

20. On or about December 12, 2008, Defendants Colin Comer, Unknown Employees of G-A Restaurant, LLC, Maldonado, Barry, Traynor, and Unknown Chicago Police Officers conspired and agreed amongst themselves to falsely charge Patricia Rodriguez with crimes they knew she did not commit. In furtherance of this conspiracy, defendants Maldonado, Barry, Traynor, and Unknown Chicago Police Officers filled out and filed false and incomplete police reports relative to plaintiff's arrest. Defendant Colin Comer made false statements and a false criminal complaint in an effort to have Patricia Rodriguez arrested and charged with a crime.

21. Patricia Rodriguez was charged with disorderly conduct. On January 7, 2008, in the Circuit Court of Cook County, First District, the charge was stricken by motion of the assistant state's attorney, in a manner indicative of her innocence.

22. As a direct and proximate result of the malicious actions of the defendants, Plaintiff Patricia Rodriguez was injured, including the loss of her freedom, physical injuries, humiliation, pain, mental suffering, damage to her reputation, the deprivation of her constitutional rights and her dignity, lost time, wages, attorneys' fees, and extreme emotional distress.

**Count I**

**Against Unknown Chicago Police Officer for Section 1983 Fourth Amendment Violations**

**Illegal Search and Seizures**

1-22. Plaintiff realleges paragraphs 1 through 22 above, as if fully set forth here.

23. The searches and seizures of the plaintiff's person and property performed willfully and wantonly by defendant Unknown Chicago Police Officer, as detailed above, individually and in conspiracy with each other, were in violation of plaintiff's right to be free of unreasonable searches and seizures under the Fourth Amendment to the Constitution of the United States and 42 U.S.C. § 1983.

24. As a proximate result of the above-detailed actions of defendant, plaintiff was injured, including the deprivation of her liberty and the taking of her property. In addition, the violations proximately caused the plaintiff great mental anguish and humiliation, exposed her to public scandal and disgrace, and caused her to incur various expenses, all to her damage.

WHEREFORE, pursuant to 42 U.S.C. § 1983, Plaintiff demands judgment against defendants, jointly and severally, for compensatory damages against defendants in an amount in excess of ONE MILLION DOLLARS ($1,000,000), and because these defendants acted maliciously, wantonly, or oppressively, punitive damages in an amount in excess of TWO MILLION FIVE HUNDRED THOUSAND DOLLARS ($2,500,000), plus the costs of this action and attorney's fees, and such other and additional relief as this court deems equitable and just.

**Count II**

**Against Unknown Chicago Police Officer - 42 U.S.C. Section 1983 – False Imprisonment**

1-22. Plaintiff realleges paragraphs 1 through 22 above, as if fully set forth here.

23. The actions of the individual defendants, described above, whereby defendants knowingly arrested and imprisoned plaintiff without probably cause or any other justification, constituted deliberate indifference to plaintiff's rights under the U.S. Constitution, thus violating the Fourteenth and Eighth Amendments to the United States Constitution.

24. As a direct and proximate result of these Constitutional violations, plaintiff was caused to suffer great pain, anguish, despair, embarrassment, and damage to her reputation

WHEREFORE, pursuant to 42 U.S.C. § 1983, Plaintiff demands judgment against the individual defendants, jointly and severally, for compensatory damages against Defendant Unknown Chicago Police Officer in excess of ONE MILLION DOLLARS ($1,000,000.00), and because these defendants acted maliciously, wantonly, or oppressively, punitive damages in an amount in excess of TWO MILLION FIVE HUNDRED THOUSAND DOLLARS ($2,500,000.00), plus the costs of this action and attorney's fees, and such other and additional relief as this court deems equitable and just.

**Count III**

**Against Chicago Police Officer Defendants - 42 U.S.C. Section 1983**

**Conspiracy to Deprive Constitutional Rights**

1-22. Plaintiff realleges paragraphs 1 through 22 above, as if fully set forth here.

23. As described more fully above, the Defendants reached an agreement amongst themselves to frame Plaintiff for the crime of disorderly conduct, and to thereby deprive Plaintiff of her Constitutional rights, all as described more fully throughout this Complaint.

24. In this manner, the Defendant Officers, acting in concert with other unknown co-conspirators, including persons who are not members of the Chicago Police Department, have

conspired by concerted action to accomplish an unlawful purpose by an unlawful means.

25. In furtherance of the conspiracy, each of the co-conspirators committed overt acts and was an otherwise willful participant in joint activity.

26. As a direct and proximate result of the illicit prior agreement referenced above, Plaintiff's rights were violated, and she suffered financial damages, severe emotional distress and anguish, and a deprivation of her liberty, as is more fully alleged above.

27. The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of plaintiff and others.

WHEREFORE, plaintiff demands judgment against the individual defendants, jointly and severally, for compensatory damages in an amount in excess of ONE MILLION DOLLARS ($1,000,000.00) and further demands judgment against the individual defendants, jointly and severally, for punitive damages in an amount in excess of TWO MILLION FIVE HUNDRED THOUSAND DOLLARS ($2,500,000.00), plus attorney's fees pursuant to statute and the costs of this action, and such other and further relief as this Court deems just, proper, and equitable.

**Count IV**

**745 ILCS 10/9-102 – Indemnification – City of Chicago**

1-22. Plaintiffs reallege paragraphs 1 through 22 above, as if fully set forth here.

23. Defendant City of Chicago is the employer of Defendants Maldonado, Barry, Traynor, and Unknown Chicago Police Officers.

24. Defendants Maldonado, Traynor, Barry and Unknown Chicago Police Officers committed the acts alleged above under color of law and in the scope of their employment as employees of the City of Chicago.

WHEREFORE, should defendants Maldonado, Barry, Traynor, and Unknown Chicago Police Officers be found liable on one or more of the claims set forth above, Plaintiff demands that, pursuant to 745 ILCS 10/9-102, the Defendant City of Chicago be found liable for any judgment plaintiff obtains against said defendants, as well as attorneys fees and costs awarded.

## Count V

### Intentional Infliction of Emotional Distress

**Against City, Officers, G-A Restaurant, LLC and G-A Restaurant Employees**

1-22.   Plaintiff realleges paragraphs 1 through 22 above, as if fully set forth here.

23.   The above-detailed conduct by the defendants was extreme and outrageous, exceeding all bounds of human decency.

24.   Defendants performed the acts detailed above with the intent of inflicting severe emotional distress on the plaintiff or with knowledge of the high probability that the conduct would cause such distress.

25.   As a direct and proximate result of this conduct, plaintiff did in fact suffer severe emotional distress, resulting in injury to her mind, body, and nervous system, including loss of sleep, mental anguish, nightmares, anxiety, and flashbacks.

26.   The City and G-A Restaurant, LLC are sued in this Count pursuant to the doctrine of respondeat superior, in that defendants performed the actions complained of while on duty and in the employ of defendant City and/or defendant G-A Restaurant, LLC, and while acting within the scope of this employment.

WHEREFORE, Plaintiff demands judgment against the individual defendants, jointly and severally, for compensatory damages against defendants in an amount in excess of ONE

8

MILLION DOLLARS ($1,000,000.00) and because these defendants acted maliciously, wantonly, or oppressively, punitive damages in an amount in excess of ONE MILLION DOLLARS ($1,000,000.00) plus the costs of this action and attorney's fees, and such other and additional relief as this court deems equitable and just.

## Count VI

## Battery

### Against G-A Restaurant, LLC and Unknown G-A Restaurant Employees

1-22.  Plaintiff realleges paragraphs 1 through 22 above, as if fully set forth here.

23.  By the actions detailed above, defendants Unknown G-A Restaurant Employees intentionally made offensive bodily contact against Patricia Rodriguez and inflicted bodily harm to Patricia Rodriguez.

24.  By the actions detailed above, and by participating in the above-described conspiracy, defendants Unknown G-A Restaurant Employees performed the acts detailed above with the intent of inflicting physical harm to Patricia Rodriguez.  Patricia Rodriguez was physically harmed.

25.  As a direct and proximate result of the battery, Patricia Rodriguez was injured, including damage to her body.

26.  G-A Restaurant, LLC is sued in this Count pursuant to the doctrine of respondeat superior, in that the G-A Restaurant defendants performed the actions complained of while on duty and in the employ of defendant G-A Restaurant, LLC, and while acting within the scope of this employment.

WHEREFORE, Plaintiff demands judgment against defendants Unknown G-A Restaurant

Employees, jointly and severally, for compensatory damages in an amount in excess of ONE MILLION DOLLARS ($1,000,000.00) and because these defendants acted maliciously, wantonly, or oppressively, punitive damages in an amount in excess of ONE MILLION DOLLARS ($1,000,000.00) plus the costs of this action and attorney's fees, and such other and additional relief as this court deems equitable and just.

## Count VII

### Assault

### Against City and Unknown Chicago Police Officer

1-22.   Plaintiff realleges paragraphs 1 through 22 above, as if fully set forth here.

23.   The above-detailed conduct by defendant Unknown Chicago Police Officer, whereby this defendant threatened to drown the plaintiff in Lake Michigan, was intended to cause the plaintiff to suffer apprehension.

24.   The plaintiff in fact suffered such apprehension and her apprehension was reasonable.

25.   The above described conduct by defendant caused the plaintiff to reasonably apprehend imminent bodily harm and death.

26.   Defendant performed the acts detailed above with the intent of causing apprehension in the plaintiff.

27.   As a direct and proximate result of this conduct, plaintiff suffered injury to her mind, body, and nervous system, including loss of sleep, mental anguish, severe depression, nightmares, anxiety attacks, stress disorders, phobias, and flashbacks.

28.   As of the filing of this Complaint, plaintiff continues to suffer from the above

described injuries caused by the defendant's conduct.

29. The City is sued in this Count pursuant to the doctrine of respondeat superior, in that defendant officer performed the actions complained of while on duty and in the employ of defendant City, and while acting within the scope of this employment.

WHEREFORE, plaintiff demands judgment against the City and the individual defendant, jointly and severally, for compensatory damages in an amount in excess of ONE MILLION DOLLARS ($1,000,000.00), and further demands judgment against the individual defendants, jointly and severally, for punitive damages in an amount in excess of ONE MILLION DOLLARS ($1,000,000.00), and further demands attorney's fees and the costs of this action, and for such other and further relief as this Court deems just, proper, and equitable.

## Count VIII

## False Arrest

**Against City, Officers, G-A Restaurant, LLC and G-A Restaurant Employees**

1-22. Plaintiff realleges paragraphs 1 through 22 above, as if fully set forth here.

23. By the actions detailed above, and by participating in the above-described conspiracy, the individual defendants knowingly sought to and did in fact arrest Patricia Rodriguez on false charges for which they knew there was no probable cause.

24. The City and G-A Restaurant, LLC are sued in this Count pursuant to the doctrine of respondeat superior, in that defendants performed the actions complained of while on duty and in the employ of defendant City and/or defendant G-A Restaurant, LLC, and while acting within the scope of this employment.

25. As a direct and proximate result of the false arrest, Patricia Rodriguez was

damaged, including the value of her lost liberty, attorneys fees, lost work, exposure to public scandal and disgrace, damage to her reputation, mental and emotional suffering, humiliation, anguish, and extreme emotional distress

WHEREFORE, Plaintiff demands judgment against the defendants, jointly and severally, for compensatory damages in an amount in excess of ONE MILLION DOLLARS ($1,000,000.00), and further demands judgment against the individual defendants, jointly and severally, for punitive damages in an amount in excess of ONE MILLION DOLLARS ($1,000,000.00), and further demands attorney's fees and the costs of this action, and for such other and further relief as this Court deems just, proper, and equitable.

## Count IX

## Malicious Prosecution

**Against City, Officers, G-A Restaurant, LLC and G-A Restaurant Employees**

1-22. Plaintiff realleges paragraphs 1 through 22 above, as if fully set forth here.

23. By the actions detailed above, and by participating in the above-described conspiracy, the individual defendants knowingly sought to and did in fact maliciously prosecute plaintiff Patricia Rodriguez on false charges for which they knew there was no probable cause.

24. The City and G-A Restaurant, LLC are sued in this Count pursuant to the doctrine of respondeat superior, in that defendants performed the actions complained of while on duty and in the employ of defendant City and/or defendant G-A Restaurant, LLC, and while acting within the scope of this employment.

25. As a direct and proximate result of the malicious prosecution, plaintiff was damaged, including the value of her lost liberty, attorneys' fees, lost work, exposure to public

scandal and disgrace, damage to her reputation, mental and emotional suffering, humiliation and anguish.

WHEREFORE, Plaintiff demands judgment against the Defendants, jointly and severally, for compensatory damages against defendants in an amount in excess of ONE MILLION DOLLARS ($1,000,000.00) and because these defendants acted maliciously, wantonly, or oppressively, punitive damages in an amount in excess of ONE MILLION DOLLARS ($1,000,000.00), plus the costs of this action and attorney's fees, and for such other and additional relief as this court deems equitable and just.

Respectfully submitted,

Patricia Rodriguez

_____/s Jared S. Kosoglad_____
By:    One of their attorneys

PLAINTIFF DEMANDS TRIAL BY JURY.

A Law Office of Christopher R. Smith
Jared S. Kosoglad
Christopher R. Smith
119 North Peoria, Suite 3A
Chicago, Illinois 60607
t: 312-432-0400
f: 312-850-2704