IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| PATRICIA RODRIGUEZ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 08 C 2095 |
| | ) | |
| The CITY OF CHICAGO, | ) | |
| CHICAGO POLICE OFFICERS | ) | |
| M. MALDONADO, Star #19179, | ) | |
| N. BARRY, Star # 3696, | ) | Judge Leinenweber |
| C. TRAYNOR, Star # 8903 | ) | |
| UNKNOWN ,CHICAGO POLICE | ) | |
| OFFICERS, G-A RESTAURANT, LLC | ) | Magistrate Judge Nolan |
| (d/b/a "Manor/Stay"), COLIN COMER, | ) | |
| and UNKNOWN G-A RESTAURANT | ) | |
| EMPLOYEES | ) | |
| | ) | JURY DEMANDED |
| Defendants. | ) | |

**DEFENDANT OFFICERS'
ANSWER, AFFIRMATIVE DEFENSES, 12(B)(6) DEFENSES, AND
JURY DEMAND TO PLAINTIFF'S COMPLAINT**

Defendant Officers, Michelle MALDONADO, Christopher TRAYNOR, and Nora BARRY, (hereinafter referred to as "Defendant Officers"[1]), by one of their attorneys, Thomas Freitag, Assistant Corporation Counsel, for their Answer, Affirmative Defenses, Fed. R. Civ. P. 12(b)(6) Defenses, and Jury Demand to Plaintiff's Complaint, states as follows:

**INTRODUCTION**

1. This is a civil action seeking damages against defendants for committing acts under color of law, and depriving plaintiffs of rights secured by the Constitution and laws of the United States, as well as for damages resulting from a false arrest.

---

[1] Defendant Officers, those Police Officers having been served in this matter, file this Motion solely on their own behalf, and not on behalf of any other named or unnamed defendants.

**ANSWER:** Defendant Officers admit the allegations contained in paragraph 1 of Plaintiff's Complaint, above, to the extent that Plaintiff purports in her Complaint to have such claims. Defendant Officers deny the remaining allegations and complained of conduct contained in paragraph 1 of Plaintiff's Complaint, above.

## JURISDICTION

2. The jurisdiction of this Court is invoked pursuant to the Civil Rights Act, 42 U.S.C., Section 1983, and Section 1985; the judicial code 28 U.S.C., Section 1331 and 1343 (a); the Constitution of the United States; as well as pendent jurisdiction as provided under U.S.C., § 1367(a).

**ANSWER:** Defendant Officers admits the jurisdictional allegations of paragraph 2.

## PARTIES

3. Plaintiff is a citizen of the United States of America, who currently resides in Cook County, IL.

**ANSWER:** Defendant Officers are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this Paragraph.

4. Defendants, CHICAGO POLICE OFFICERS M. MALDONADO, Star #19179, N. BARRY, Star # 3696, C. TRAYNOR, Star # 8903, and UNKNOWN ,CHICAGO POLICE OFFICERS, were, at all times of this occurrence, duly licensed Chicago Police Officers. They engaged in the conduct complained of while on duty in the course and scope of their employment and under color of law. They are sued in their individual capacities.

**ANSWER:** The Defendant Officers admit that they were at all times relevant to this complaint acting in the scope of their employment and under color of law, but deny they engaged in the conduct complained of, consistent with their answers.

5. Defendant City of Chicago ("City"), a municipal corporation duly incorporated under the laws of the State of Illinois, and is the employer and principal of police officer defendants.

**ANSWER:** Defendants admit, upon information and belief, that the City of Chicago is a municipal corporation, duly incorporated under the laws of the State of Illinois and admit that they are employed by the City of Chicago. Defendants are without knowledge sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

6. Defendants, COLIN COMER and UNKNOWN G-A RESTAURANT, LLC EMPLOYEES, were, at all times of this occurrence, employed by G-A RESTAURANT, LLC (d/b/a "Manor/Stay"). They engaged in the conduct complained of while employed and working on behalf of G-A Restaurant, LLC and in the course and scope of their employment. They are sued in their individual capacities.

**ANSWER:** Defendant Officers are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this Paragraph.

7. Defendant G-A RESTAURANT, LLC is an Illinois limited liability company duly incorporated under the laws of the State of Illinois that does business as "Manor/Stay" or Manor Bar at 642 N. Clark Street, Chicago, IL.

**ANSWER:** Defendant Officers are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this Paragraph.

**FACTS**

8. On or about midnight on December 12, 2007, Plaintiff Patricia Rodriguez entered the Manor Bar, 642 N. Clark Street, Chicago, IL 60610.

**ANSWER:** Defendant Officers are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this Paragraph.

9. Defendants Unknown G-A Restaurant Employees confined Patricia Rodriguez against her will.

**ANSWER:** Defendant Officers are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this Paragraph.

10. Defendants Unknown G-A Restaurant Employees intentionally made offensive bodily contact against Patricia Rodriguez and inflicted bodily harm to Patricia Rodriguez.

**ANSWER:** Defendant Officers are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this Paragraph.

11. Defendant Unknown G-A Restaurant Employee ordered security staff to forcefully remove Patricia Rodriguez from the property, without any lawful basis.

**ANSWER:** Defendant Officers are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this Paragraph.

12. Defendant Unknown G-A Restaurant Employee delivered Plaintiff to an Unknown Chicago Police Officer who operated a Chicago Police squadrol and had plaintiff charged with a crime for which defendant G-A Restaurant Employee knew Patricia Rodriguez did not commit.

**ANSWER:** Defendant Officers admit that Plaintiff was arrested for disorderly conduct based on signed complaints, but are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding unknown G-A Restaurant Employee or an Unknown Chicago Police Officer and any remaining allegations contained in this Paragraph.

13. Outside Manor Bar, Defendant Unknown G-A Restaurant Employee had a conversation with defendant Unknown Chicago Police Officer.

**ANSWER:** Defendant Officers are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this Paragraph.

14. Plaintiff was transported inside a Chicago Police squadrol.

**ANSWER:** Defendant Officers admit the allegations contained in this paragraph.

15. Defendant Unknown Chicago Police Officer, the operator of the Chicago Police squadrol, threatened to force plaintiff into Lake Michigan while wearing handcuffs and drown her.

**ANSWER:**    Defendant Officers are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this Paragraph.

16.    Plaintiff was wearing handcuffs at the time the threat was made.

**ANSWER:**    Defendant Officers are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this Paragraph.

17.    Defendant Unknown Chicago Police Officer transported plaintiff to Lake Michigan and opened the rear of the squadrol.

**ANSWER:**    Defendant Officers are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this Paragraph.

18.    At said time, defendant Unknown Chicago Police Officer caused plaintiff reasonable apprehension of imminent bodily harm.

**ANSWER:**    Defendant Officers are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this Paragraph.

19.    The transport from Manor Bar to the police station took in excess of one hour.

**ANSWER:**    Defendant Officers deny the allegations contained in this Paragraph.

20.    On or about December 12, 2008, Defendants Colin Comer, Unknown Employees of G-A Restaurant, LLC, Maldonado, Barry, Traynor, and Unknown Chicago Police Officers conspired and agreed amongst themselves to falsely charge Patricia Rodriguez with crimes they knew she did not commit. In furtherance of this conspiracy, defendants Maldonado, Barry, Traynor, and Unknown Chicago Police Officers filled out and filed false and incomplete police reports relative to plaintiff's arrest. Defendant Colin Comer made false statements and a false criminal complaint in an effort to have Patricia Rodriguez arrested and charged with a crime

**ANSWER:**    Defendant Officers deny the allegations contained in this Paragraph.

21.    Patricia Rodriguez was charged with disorderly conduct. On January 7, 2008, in the Circuit Court of Cook County, First District, the charge was stricken by motion of the assistant state's attorney, in a manner indicative of her innocence.

**ANSWER:**   Defendant Officers admit that they arrested Plaintiff for Disorderly Conduct on signed complaints, and the state's attorney filed charges based upon that arrest and further admit the case was stricken off call with leave to reinstate, but deny any wrongful or illegal conduct, and any remaining allegations.

22.   As a direct and proximate result of the malicious actions of the defendants, Plaintiff Patricia Rodriguez was injured, including the loss of her freedom, physical injuries, humiliation, pain, mental suffering, damage to her reputation, the deprivation of her constitutional rights and her dignity, lost time, wages, attorney's fees, and extreme emotional distress.

**ANSWER:**   Defendant Officers deny the allegations contained in this Paragraph.

**Count I**
**Against Unknown Chicago Police Officer for Section 1983 Fourth Amendment Violations – Illegal Search and Seizures**

This Count is directed only against the Defendant Unknown Chicago Police Officer. The Defendant Officers therefore make no answer to any allegation contained in this count.

**Count II**
**Against Unknown Chicago Police Officer - 42 U.S.C. Section 1983 - False Imprisonment**

This Count is directed only against the Defendant Unknown Chicago Police Officer. The Defendant Officers therefore make no answer to any allegation contained in this count.

**Count III**
**Against Chicago Police Officer Defendants - 42 U.S.C. Section 1983 Conspiracy to Deprive Constitutional Rights**

1-22.   Plaintiff realleges paragraphs 1 through 22 above, as if fully set forth here.

**ANSWER:** Defendant Officers reassert their answers to Paragraphs 1-22 as their answers to this Paragraph, as if fully stated herein.

23. As described more fully above, the Defendants reached an agreement amongst themselves to frame Plaintiff for the crime of disorderly conduct, and to thereby deprive Plaintiff of her Constitutional rights, all as described more fully throughout this Complaint

**ANSWER:** Defendant Officers deny the allegations contained in this Paragraph.

24. In this manner, the Defendant Officers, acting in concert with other unknown co-conspirators, including persons who are not members of the Chicago Police Department, have conspired by concerted action to accomplish an unlawful purpose by an unlawful means.

**ANSWER:** Defendant Officers deny the allegations contained in this Paragraph.

25. In furtherance of the conspiracy, each of the co-conspirators committed overt acts and was an otherwise willful participant in joint activity.

**ANSWER:** Defendant Officers deny the allegations contained in this Paragraph.

26 As a direct and proximate result of the illicit prior agreement referenced above, Plaintiffs rights were violated, and she suffered financial damages, severe emotional distress and anguish, and a deprivation of her liberty, as is more fully alleged above.

**ANSWER:** Defendant Officers deny the allegations contained in this Paragraph.

27. The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of plaintiff and others.

**ANSWER:** Defendant Officers deny the allegations contained in this Paragraph.

## Count IV

### 745 ILCS 10/9-102 - Indemnification - City of Chicago

This Count is directed only against the Defendant City of Chicago. The Defendant Officers therefore make no answer to any allegation contained in this count.

**Count V**
**Intentional Infliction of Emotional Distress**
**Against City, Officers, G-A Restaurant, LLC and G-A Restaurant Employees**

1-22. Plaintiff realleges paragraphs 1 through 22 above, as if fully set forth here.

**ANSWER:** Defendant Officers reassert their answers to Paragraphs 1-22 as their answers to this Paragraph, as if fully stated herein.

23. The above-detailed conduct by the defendants was extreme and outrageous, exceeding all bounds of human decency.

**ANSWER:** Defendant Officers deny the allegations contained in this Paragraph.

24. Defendants performed the acts detailed above with the intent of inflicting severe emotional distress on the plaintiff or with knowledge of the high probability that the conduct would cause such distress.

**ANSWER:** Defendant Officers deny the allegations contained in this Paragraph.

25. As a direct and proximate result of this conduct, plaintiff did in fact suffer severe emotional distress, resulting in injury to her mind, body, and nervous system, including loss of sleep, mental anguish, nightmares, anxiety, and flashbacks.

**ANSWER:** Defendant Officers deny the allegations contained in this Paragraph.

26 The City and G-A Restaurant, LLC are sued in this Count pursuant to the doctrine of respondeat superior, in that defendants performed the actions complained of while on duty and in the employ of defendant City and/or defendant G-A Restaurant, LLC, and while acting within the scope of this employment.

**ANSWER:** The Defendant Officers object to the allegations contained in paragraph 24 of Count V of Plaintiff's Complaint, above, to the extent they seek a legal conclusion. Defendant Officers admit that they were at all times relevant to this complaint acting in the scope of their employment and under color of law, but deny, consistent with their answers, that they committed the acts alleged.

## Count VI
### Battery
### Against G-A Restaurant, LLC and Unknown G-A Restaurant Employees

This Count is directed only against the Defendants G-A Restaurant, LLC and Unknown G-A Restaurant Employees. The Defendant Officers therefore make no answer to any allegation contained in this count.

## Count VII
### Assault
### Against City and Unknown Chicago Police Officer

This Count is directed only against the Defendants City and Unknown Chicago Police Officer. The Defendant Officers therefore make no answer to any allegation contained in this count.

## Count VIII
### False Arrest
### Against City, Officers, G-A Restaurant, LLC and G-A Restaurant Employees

1-22. Plaintiff realleges paragraphs 1 through 22 above, as if fully set forth here.

**ANSWER:** Defendant Officers reassert their answers to Paragraphs 1-22 as their answers to this Paragraph, as if fully stated herein

23. By the actions detailed above, and by participating in the above-described conspiracy, the individual defendants knowingly sought to and did in fact arrest Patricia Rodriguez on false charges for which they knew there was no probable cause.

**ANSWER:** Defendant Officers deny the allegations contained in this Paragraph.

24. The City and G-A Restaurant, LLC are sued in this Count pursuant to the doctrine of respondeat superior, in that defendants performed the actions complained of while on duty and in the employ of defendant City and/or defendant G-A Restaurant, LLC, and while acting within the scope of this employment.

**ANSWER:** The Defendant Officers object to the allegations contained in paragraph 24 of Count VIII of Plaintiff's Complaint, above, to the extent they seek a legal conclusion. Defendant

Officers admit that they were at all times relevant to this complaint acting in the scope of their employment and under color of law, but denies, consistent with their answers, that they committed the acts alleged.

25. As a direct and proximate result of the false arrest, Patricia Rodriguez was damaged, including the value of her lost liberty, attorneys fees, lost work, exposure to public scandal and disgrace, damage to her reputation, mental and emotional suffering, humiliation, anguish, and extreme emotional distress

**ANSWER:** Defendant Officers deny the allegations contained in this Paragraph.

### Count IX
### Malicious Prosecution
### Against City, Officers, G-A Restaurant, LLC and G-A Restaurant Employees

1-22. Plaintiff realleges paragraphs 1 through 22 above, as if fully set forth here.

**ANSWER:** Defendant Officers reassert their answers to Paragraphs 1-22 as their answers to this Paragraph, as if fully stated herein

23. By the actions detailed above, and by participating in the above-described conspiracy, the individual defendants knowingly sought to and did in fact maliciously prosecute plaintiff Patricia Rodriguez on false charges for which they knew there was no probable cause.

**ANSWER:** Defendant Officers deny the allegations contained in this Paragraph.

24. The City and G-A Restaurant, LLC are sued in this Count pursuant to the doctrine of respondeat superior, in that defendants performed the actions complained of while on duty and in the employ of defendant City and/or defendant G-A Restaurant, LLC, and while acting within the scope of this employment.

**ANSWER:** The Defendant Officers object to the allegations contained in paragraph 24 of Count IX of Plaintiff's Complaint, above, to the extent they seek a legal conclusion. Defendant Officers admit that they were at all times relevant to this complaint acting in the scope of their employment and under color of law, but denies, consistent with their answers, that they committed the acts alleged.

25.     As a direct and proximate result of the malicious prosecution, plaintiff was damaged, including the value of her lost liberty, attorneys' fees, lost work, exposure to public scandal and disgrace, damage to her reputation, mental and emotional suffering, humiliation and anguish

**ANSWER:**     Defendant Officers deny the allegations contained in this Paragraph.

### AFFIRMATIVE DEFENSES
### FIRST AFFIRMATIVE DEFENSE
### QUALIFIED IMMUNITY

Defendant Officers are government officials, namely police officers, who performed discretionary functions. At all times material to the events alleged in Plaintiff's Complaint, a reasonable police officer objectively viewing the facts and circumstances that confronted Defendants could have believed his actions to be lawful, in light of clearly established law and the information that Defendants possessed. Defendants, therefore, are entitled to qualified immunity as a matter of law.

### SECOND AFFIRMATIVE DEFENSE
### STATE TORT IMMUNITY ACT 745 ILCS 10/2-201

As to all state law claims, under the Illinois Tort Immunity Act, Defendants are not liable for any of the claims alleged because the decision to arrest Plaintiff was based upon the information and circumstances known to Defendants at the time, and was a discretionary decision for which he is immune from liability. 745 ILCS 10/2-201 (West 2006).

### THIRD AFFIRMATIVE DEFENSE
### STATE TORT IMMUNITY ACT 745 ILCS 10/2-202

Defendant Officers were working as police officers at the time of this incident. Therefore, as to all claims, under the Illinois Tort Immunity Act, Defendants are not liable for any of the claims alleged because a public employee is not liable for his or her acts or omissions in the

execution or enforcement of any law, unless such acts or omissions constitute wilful and wanton conduct. 745 ILCS 10/2-202 (West 2006).

## FOURTH AFFIRMATIVE DEFENSE
## STATE TORT IMMUNITY ACT 745 ILCS 10/2-204

Defendants are not liable for any of Plaintiff's alleged claims because a public employee, as such and acting within the scope of his/her employment, is not liable for an injury caused by the act or omission of another person. 745 ILCS 10/2-204 (West 2006).

## FIFTH AFFIRMATIVE DEFENSE
## STATE TORT IMMUNITY ACT 745 ILCS 10/2-208

Under Illinois Tort immunity law, Defendants are not liable for injury allegedly caused by the instituting or prosecuting any judicial or administrative proceeding within the scope of their employment, unless they acted maliciously and without probable cause. 745 ILCS 10/2-208(West 2006).

## SIXTH AFFIRMATIVE DEFENSE
## STATE COMPARATIVE AND CONTRIBUTORY FAULT LAW

That any injuries or damages claimed by the Plaintiff against Defendants were caused, in whole or in part, by negligent, wilful and wanton, and intentional conduct of the Plaintiff. Even if Defendants were liable in damages, the total amount of damages to which Plaintiff would otherwise be entitled must be reduced by application of principles of comparative fault in proportion to the amount of the negligent, wilful and wanton and intentional conduct of Plaintiff which were the proximate cause of his injuries. In addition, at the time of the actions alleged in Plaintiff's Complaint, Illinois statute 735 ILCS 5/2-1116 (West 2006) was in effect and reduces a plaintiff's recovery according to his contributory negligence and bars his recovery entirely when

a plaintiff is more than fifty percent (50%) of the proximate cause of the injury or damage for which recovery is sought.

## SEVENTH AFFIRMATIVE DEFENSE:
## MITIGATION OF DAMAGES

To the extent Plaintiff failed to mitigate any of his claimed injuries or damages, any verdict or judgment obtained by Plaintiff must be reduced by application of the principle that Plaintiff has a duty to mitigate his damages, commensurate with the degree of failure to mitigate attributed to Plaintiff by a jury in this case.

## FED. RULE CIV. PRO. 12(b)(6) DEFENSES
## FIRST 12(b)(6) DEFENSE:
## PUNITIVE DAMAGES IN VIOLATION OF DUE PROCESS

An award of punitive damages would deprive Defendant of due process of law in violation of the Fifth and Fourteenth Amendments to the United States Constitution where:

(a) liability for punitive damages has not been proven beyond a reasonable doubt, or at least by clear and convincing evidence; and,

(B) the award of punitive damages is disproportionate to actual damages.

## SECOND 12(b)(6) DEFENSE:
## PROBABLE CAUSE ADMITTED

Plaintiff fails to state a claim for an arrest without probable cause under the Fourth Amendment. Plaintiff admits in his Complaint that he was arrested on the signed complaint of a third party. A police officer may rely upon another person to establish probable cause. Therefore, Plaintiff's false arrest. Malicious prosecution and conspiracy claims should be dismissed.

## CONCLUSION

WHEREFORE, Defendant Officers respectfully request that judgment be entered in their favor and against Plaintiff in this matter, including for costs of defending this suit, and any other relief this Court deems necessary and proper.

## JURY DEMAND

Defendant Officers hereby demand a jury trial for all issues so triable.

Respectfully submitted,

*/S/ Thomas H. Freitag*
THOMAS H. FREITAG
Assistant Corporation Counsel

30 N. LaSalle Street
Suite 1400
Chicago, Illinois 60602
(312) 742-7391
(312) 744-6566 (Fax)
Atty. No.: 06272245