IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PATRICIA RODRIGUEZ, ) | |
| ) | |
| Plaintiff, ) | |
| ) | **No. 08 C 2095** |
| v. ) | |
| ) | |
| CITY OF CHICAGO and Chicago Police Officers ) | JUDGE LEINENWEBER |
| M. MALDONADO, Star #19179, N. BARRY, ) | |
| Star #3696, C. TRAYNOR, Star #8903, ) | |
| UNKNOWN CHICAGO POLICE OFFICERS, ) | |
| G-A RESTAURANT, LLC (d/b/a "Manor/Stay"), ) | Magistrate Judge Nolan |
| COLIN COMER, and UNKNOWN G-A ) | |
| RESTAURANT EMPLOYEES, ) | |
| ) | |
| Defendants. ) | |

**DEFENDANT CITY OF CHICAGO'S ANSWER, DEFENSES AND
JURY DEMAND TO PLAINTIFF'S COMPLAINT**

Defendant City of Chicago ("City"), by Mara S. Georges, Corporation Counsel for the City of Chicago, for its answer, defenses and jury demand to Plaintiff's complaint, state as follows:

**INTRODUCTION**

1.  This is a civil action seeking damages against defendants for committing acts under color of law, and depriving plaintiff of rights secured by the Constitution and laws of the United States, as well as for damages resulting from false arrest.

**ANSWER:** The City admits that Plaintiffs have filed a civil action seeking actions against Defendants for allegedly committing acts under color of law. The City further admits that Plaintiffs have filed a civil action seeking damages against Defendants for allegedly depriving Plaintiffs of rights secured by the Constitution and laws of the United States and for damages resulting from an alleged false arrest. The City denies the remaining allegations contained in this paragraph.

## JURISDICTION

2.    This jurisdiction of this Court is invoked pursuant to the Civil Rights Act, 42 U.S.C., § 1983, and § 1985; the judicial code 28 U.S.C. § 1331 and 1343 (a); the Constitution of the United States; and pendant jurisdiction as provided under U.S.C., § 1367(a).

**ANSWER:**    The City admits to the allegations contained in this paragraph.

## PARTIES

3.    Plaintiff is a citizen of the United States of America, who currently resides in Cook County, IL.

**ANSWER:**    The City is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

4.    Defendants, CHICAGO POLICE OFFICERS M. MALDONADO, Star # 19179, N. BARRY, Star # 3696, C. TRAYNOR, Star # 8903, and UNKNOWN CHICAGO POLICE OFFICERS, were at the time of this occurrence, duly licensed Chicago Police Officers. They engaged in the conduct complained of while on duty in the course and scope of their employment and under color of law. They are sued in their individual capacities.

**ANSWER:**    The City admits that, upon information belief, Defendant Officers Maldonado, Barry and Traynor were, at the time of the alleged occurrence, Chicago Police Officers. The City further admits that Defendant Officers Maldonado, Barry and Traynor were on duty and acting in the course and scope of their employment and under color of law during the arrest of Plaintiff on or about December 12, 2007, and that Plaintiff is suing the Defendant Officers in their individual capacities. The City is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph.

5.    Defendant City of Chicago, ("City") is a municipal corporation duly incorporated under the laws of the State of Illinois, and is the employer and principal of the police officer defendants.

**ANSWER:** The City admits that it is a municipality duly incorporated under the laws of the State of Illinois, and, upon information and belief, that it is the employer of Defendant Maldonado, Barry, and Traynor. The City is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph.

6. Defendants, COLIN COMER and UNKNOWN G-A RESTAURANT, LLC EMPLOYEES, were, at the time of this occurrence, employed by G-A RESTAURANT, LLC (d/b/a "Manor/Stay"). They engaged in the conduct complained of while employed and working on behalf of G-A Restaurant, LLC and in the course and scope of their employment. They are sued in their individual capacities.

**ANSWER:** The City is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

7. Defendant G-A RESTAURANT, LLC is an Illinois limited liability company duly incorporated under the laws of the State of Illinois that does business as "Manor/Stay" or Manor Bar at 642 N. Clark Street, Chicago, IL.

**ANSWER:** The City is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

## FACTS

8. On or about midnight on December 12, 2007, Plaintiff Patricia Rodriguez entered the Manor Bar, 642 N. Clark Street, Chicago, IL 60610.

**ANSWER:** The City is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

9. Defendants Unknown G-A Restaurant Employees confined Patricia Rodriguez against her will. Defendants Unknown G-A Restaurant Employees intentionally made offensive bodily contact against Patricia Rodriguez and inflicted bodily harm to Patricia Rodriguez.

**ANSWER:** The City is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

10. Defendants Unknown G-A Restaurant Employees intentionally made offensive bodily contact against Patricia Rodriguez and inflicted bodily harm to Patricia Rodriguez.

**ANSWER:** The City is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

11. Defendant Unknown G-A Restaurant Employee ordered security staff to forcefully remove Patricia Rodriguez from the property, without any lawful basis.

**ANSWER:** The City is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

12. Defendant Unknown G-A Restaurant Employee delivered Plaintiff to an Unknown Chicago Police Officer who operated a Chicago Police squadrol and had plaintiff charged with a crime for which defendant G-A Restaurant Employee Patricia Rodriguez did not commit..

**ANSWER:** The City is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

13. Outside Manor Bar, Defendant Unknown G-A Restaurant Employee had a conversation with defendant Unknown Chicago Police Officer.

**ANSWER:** The City is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

14. Plaintiff was transported inside a Chicago Police squadrol.

**ANSWER:** The City admits that Plaintiff was transported to a police station following her arrest. The City is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph.

15. Defendant Unknown Chicago Police officer, the operator of the Chicago Police squadrol, threatened to force plaintiff into Lake Michigan while wearing handcuffs and drown her.

**ANSWER:** The City is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

16. Plaintiff was wearing handcuffs at the time the threat was made.

**ANSWER:** The City is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

17. Defendant Unknown Chicago Police Officer transported plaintiff to Lake Michigan and opened the rear of the squadrol.

**ANSWER:** The City is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

18. At said time, defendant Unknown Chicago Police Officer caused plaintiff reasonable apprehension of imminent bodily harm.

**ANSWER:** The City is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

19. The transport from Manor Bar to the police station took in excess of one hour.

**ANSWER:** The City is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

20. On or about December 12, 2008, Defendants Colin Comer, Unknown Employees of G-A Restaurant, LLC, Maldonado, Barry, Tranyor, and Unknown Chicago Police Officers conspired and agreed amongst themselves to falsely charge Patricia Rodriguez with crimes they knew she did not commit. In furtherance of this conspiracy, defendants Maldonado, Barry, Traynor, and Unknown Chicago Police Officers filled out and filed false and incomplete police reports relative to plaintiff's arrest. Defendant Colin Comer made false statements and a false criminal complaint in an effort to have Patricia Rodriguez arrested and charged with a crime.

**ANSWER:** The City is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

21. Patricia Rodriguez was charged with disorderly conduct. On January 7, 2008, in the Circuit Court of Cook County, First District, the charge was stricken by motion of the assistant state's attorney, in a manner indicative of her innocence.

**ANSWER:** The City admits that, upon information and belief and according to Chicago Police Department ("CPD") records, Plaintiff was arrested for disorderly conduct, and the state's attorney filed the charge of disorderly conduct against Plaintiff. The City further admits that, upon information and belief, the disorderly conduct charge was stricken from the docket with leave to reinstate. The City denies the remaining allegations in this paragraph.

22. As a direct and proximate result of the malicious actions of the defendants, Ms. Rodriguez was injured, including the loss of her freedom, physical injuries, humiliation, pain, mental suffering, damage to her reputation, the deprivation of her constitutional rights and her dignity, lost time, wages, attorneys' fees, and extreme emotional distress.

**ANSWER:** The City is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

## Count I

### Against Unknown Chicago Police Officer for Section 1983 Fourth Amendment Violations
### Illegal Search and Seizure

The City is not a party-defendant in Count I and therefore does not answer the allegations in that count.

## Count II

### Against Unknown Chicago Police Officer – 42 U.S.C. Section 1983 – False Imprisonment

The City is not a party-defendant in Count II and therefore does not answer the allegations in that count.

## COUNT III

### Against Chicago Police Officer Defendants – 42 U.S.C. Section 1983
### Conspiracy to Deprive Constitutional Rights

The City is not a party-defendant in Count III and therefore does not answer the allegations

in that count.

## Count IV

### 745 ILCS 10/9-102 – Indemnification – City of Chicago

1-22.   Plaintiff realleges paragraphs 1 through 22 above, as if fully set forth here.

**ANSWER:**   The City incorporates its answers to paragraphs 1-22 as its answer to paragraph 23.

23.   Defendant City of Chicago is the employer of Defendants Maldonado, Barry, Traynor, and Unknown Chicago Police Officers.

**ANSWER:**   The City admits that it is the employer of Defendant Officers Maldonado, Barry, and Traynor.  The City is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph.

24.   Defendants Maldonado, Traynor, Barry and Unknown Chicago Police Officers committed the acts alleged above under color of law and in the scope of their employment as employees of the City of Chicago.

**ANSWER:**   The City further admits that Defendant Officers Maldonado, Barry and Traynor were acting in the course and scope of their employment and under color of law as City employees during the arrest of Plaintiff on or about December 12, 2007.   The City is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph.

## Count V

### Intentional Infliction of Emotional Distress
### Against City, Officers, G-A Restaurant, LLC and G-A Restaurant Employees

1-22.   Plaintiff realleges paragraphs 1 through 22 above, as if fully set forth here.

**ANSWER:**   The City incorporates its answers to paragraphs 1-22 as its answer to paragraph

23.

23.

23. The above-detailed conduct by the defendants was extreme and outrageous, exceeding all bounds of human decency.

**ANSWER:** The City denies the allegations in this paragraph to the extent that they pertain to the City. The City is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

24. Defendants performed the acts detailed above with the intent of inflicting severe emotional distress on the plaintiff or with knowledge of the high probability that the conduct would cause such distress.

**ANSWER:** The City denies the allegations in this paragraph to the extent that they pertain to the City. The City is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph.

25. As a direct and proximate result of this conduct, plaintiff did in fact suffer severe emotional distress, resulting in injury to her mind, body, and nervous system, including loss of sleep, mental anguish, nightmares, anxiety, and flashbacks.

**ANSWER:** The City denies the allegations in this paragraph to the extent that they pertain to the City. The City is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph.

26. The City and G-A Restaurant, LLC are sued in this Count pursuant to the doctrine of respondeat superior, in that defendants performed the actions complained of while on duty and in the employ of defendant City and/or defendant G-A Restaurant, LLC, and while acting within the scope of this employment.

**ANSWER:** The City admits that Plaintiff is suing the City pursuant to the doctrine of respondeat superior, and that Defendant Officers Maldonado, Barry, and Traynor where on duty, employed by the City, and acting within the scope of their employment during the arrest of Plaintiff on or about December 12, 2007. The City is without knowledge or information

sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph.

### Count VI

### Battery
### Against G-A Restaurant, LLC and Unknown G-A Restaurant Employees

The City is not a party-defendant in Count VI and therefore does not answer the allegations in that count.

### Count VII

### Assault
### Against City and Unknown Chicago Police Officer

1-22.   Plaintiff realleges paragraphs 1 through 22 above, as if fully set forth here.

**ANSWER:**   The City incorporates its answers to paragraphs 1-22 as its answer to paragraph 23.

23.   The above-detailed conduct by defendant Unknown Chicago Police Officer, whereby this defendant threatened to drown the plaintiff in Lake Michigan, was intended to cause the plaintiff to suffer apprehension.

**ANSWER:**   The City is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

24.   The plaintiff in fact suffered such apprehension and her apprehension was reasonable.

**ANSWER:**   The City is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

25.   The above described conduct by defendant caused the plaintiff to reasonably apprehend imminent bodily harm and death.

**ANSWER:** The City denies the allegations in this paragraph to the extent that they pertain to the City. The City is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph.

26. Defendant performed the acts detailed above with the intent of causing apprehension in the plaintiff.

**ANSWER:** The City denies the allegations in this paragraph to the extent that they pertain to the City. The City is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph.

27. As a direct and proximate result of this conduct, plaintiff suffered injury to her mind, body, and nervous system, including loss of sleep, mental anguish, severe depression, nightmares, anxiety attacks, stress disorders, phobias, and flashbacks.

**ANSWER:** The City denies the allegations in this paragraph to the extent that they pertain to the City. The City is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph.

28. As of the filing of this Complaint, plaintiff continues to suffer from the above described injuries caused by the defendant's conduct.

**ANSWER:** The City denies the allegations in this paragraph to the extent that they pertain to the City. The City is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph.

29. The City is sued in this Count pursuant to the doctrine of respondeat superior, in that defendant officer performed the actions complained of while on duty and in the employ of defendant City, and while acting within the scope of this employment.

**ANSWER:** The City admits that Plaintiff is suing the City pursuant to the doctrine of respondeat superior in this count. The City is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph.

## Count VIII

## False Arrest
## Against City, Officers, G-A Restaurant, LLC and G-A Restaurant Employees

    1-22.    Plaintiff realleges paragraphs 1 through 22 above, as if fully set forth here.

**ANSWER:**    The City incorporates its answers to paragraphs 1-22 as its answer to paragraph 23.

    23.    By the actions detailed above, and by participating in the above-described conspiracy, the individual defendants knowingly sought to and did in fact arrest Patricia Rodriguez on false charges for which they knew there was no probable cause.

**ANSWER:**    The City is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

    24.    The City and G-A Restaurant, LLC are sued in this Count pursuant to the doctrine of respondeat superior, in that defendants performed the actions complained of while on duty and in the employ of defendant City and/or defendant G-A Restaurant, LLC, and while acting within the scope of this employment.

**ANSWER:**    The City admits that Plaintiff is suing the City pursuant to the doctrine of respondeat superior, and that Defendant Officers Maldonado, Barry, and Traynor where on duty, employed by the City, and acting within the scope of their employment during the arrest of Plaintiff on or about December 12, 2007. The City is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph.

    25.    As a direct and proximate result of the false arrest, Patricia Rodriguez was damaged, including the value of her lost liberty, attorneys [sic.] fees, lost work, exposure to public scandal and disgrace, damage to her reputation, mental and emotional suffering, humiliation, anguish, and extreme emotional distress.

**ANSWER:**    The City is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

### Count IX

### Malicious Prosecution
### Against City, Officers, G-A Restaurant, LLC and G-A Restaurant Employees

1-22.　Plaintiff realleges paragraphs 1 through 22 above, as if fully set forth here.

**ANSWER:**　The City incorporates its answers to paragraphs 1-22 as its answer to paragraph 23.

23.　By the actions detailed above, and by participating in the above-described conspiracy, the individual defendants knowingly sought to and did in maliciously prosecute Patricia Rodriguez on false charges for which they knew there was no probable cause.

**ANSWER:**　The City is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

24.　The City and G-A Restaurant, LLC are sued in this Count pursuant to the doctrine of respondeat superior, in that defendants performed the actions complained of while on duty and in the employ of defendant City and/or defendant G-A Restaurant, LLC, and while acting within the scope of this employment.

**ANSWER:**　The City admits that Plaintiff is suing the City pursuant to the doctrine of respondeat superior, and that Defendant Officers Maldonado, Barry, and Traynor where on duty, employed by the City, and acting within the scope of their employment during the arrest of Plaintiff on or about December 12, 2007.  The City is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph

25.　As a direct and proximate result of the malicious prosecution, Patricia Rodriguez was damaged, including the value of her lost liberty, attorneys' fees, lost work, exposure to public scandal and disgrace, damage to her reputation, mental and emotional suffering, humiliation and anguish.

**ANSWER:**　The City is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph

WHEREFORE, Defendant City of Chicago prays that this Court enter judgment in its favor on Plaintiff's complaint, award Defendant such costs and fees as allowed by law, and grant such further relief as this Court deems just and proper.

### AFFIRMATIVE DEFENSES

1.  Under the Illinois Tort Immunity Act, Defendant Officers are not liable for any of the state law claims alleged in Plaintiff's Complaint because a public employee is not liable for his or her acts or omissions in the execution of enforcement of any law, unless such acts or omissions constitute willful and wanton conduct. 745 ILCS 10/2-202.

2.  A municipality is not liable under a theory of *respondeat superior* for the constitutional violations of its employees. *See Board of County Commissioners of Bryan County, Oklahoma v. Brown*, 520 U.S. 397, 403 (1997)

3.  Under the Illinois Tort Immunity Act, a public employee is not liable for injury caused by instituting or prosecuting any judicial or administrative proceeding within the scope of his employment, unless he acts maliciously and without probable cause. 754 ILCS 10/2-208.

4.  Plaintiff has a duty to mitigate his damages, and any damages awarded to Plaintiff would be required to be reduced by any amount by which the damages could have been lessened by Plaintiff's failure to take reasonable action to minimize those damages.

5.  To the extent any injuries or damages claimed by Plaintiff were proximately caused, in whole or in part, by any wrongful conduct on the part of Plaintiff, any verdict or judgment obtained by Plaintiff based on any finding of "reckless" willful and wanton behavior, as opposed to "intentional" willful and wanton behavior, just be reduced by application of the principles of comparative fault, by an amount commensurate with the degree of fault attributed to

Plaintiff by the jury in this case. *See People of City of Rolling Meadows*, 167 I.ll.2d 41, 656 N.E.2d 768, 212 Ill. Dec. 171 (1995).

6.     If the Defendant Officers are not found liable to Plaintiff on any of his state claims, City is not liable to Plaintiff. 745 ILCS 10/2-109.

7.     Defendant City is not liable for any injury caused by the act or omission of another person. 745 ILCS 10/2-204 (1994).

8.     Under Illinois law, the City is not liable for conduct committed by employees not acting within the scope of their employment. *Wright v. City of Danville*, 174 Ill.2d 392, 221 Ill.Dec.203, 675 N.E.2d 110 (1996).

9.     Under *Monell v. Department of Social Services of City of New York*, 436 U.S. 658 (1978), the City is not liable under Section 1983 for its employees' misconduct.

## JURY DEMAND

Defendant City of Chicago respectfully requests a trial by jury.

                        Respectfully submitted,

                        MARA S. GEORGES
                        Corporation Counsel
                        City of Chicago

By:    /s/ Thomas J. Aumann
        THOMAS J. AUMANN
        Assistant Corporation Counsel

City of Chicago, Department of Law
30 North LaSalle Street, Suite 1020
Chicago, Illinois 60602
(312) 744-1566 (Phone)
(312) 744-3989 (Fax)
Attorney No. 06282455

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| PATRICIA RODRIGUEZ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | **No. 08 C 2095** |
| v. | ) | |
| | ) | |
| CITY OF CHICAGO and Chicago Police Officers | ) | JUDGE LEINENWEBER |
| M. MALDONADO, Star #19179, N. BARRY, | ) | |
| Star #3696, C. TRAYNOR, Star #8903, | ) | |
| UNKNOWN CHICAGO POLICE OFFICERS, | ) | |
| G-A RESTAURANT, LLC (d/b/a "Manor/Stay"), | ) | Magistrate Judge Nolan |
| COLIN COMER, and UNKNOWN G-A | ) | |
| RESTAURANT EMPLOYEES, | ) | |
| | ) | |
| Defendants. | ) | |

**NOTICE OF FILING AND CERTIFICATE OF SERVICE**

To: Christopher R. Smith                           Thomas Frietag
     A Law Office of Christopher R. Smith      Assistant Corporation Counsel
     119 North Peoria                           30 North LaSalle Street
     Suite 3A                                   Suite 1400
     Chicago, Illinois 60607                    Chicago, Illinois 60602
     chris.smith@chicagocivilrightslawyers.com  thomas.freitag@cityofchicago.org

**PLEASE TAKE NOTICE** that on this 1st day of August, 2008, I have caused to be e-filed with the Clerk of the United States District Court for the Northern District of Illinois, Eastern Division, **Defendant City of Chicago's Answer, Defenses, and Jury Demand to Plaintiff's Complaint**, a copy of which is herewith served upon you.

I hereby certify that I have served this notice and the attached document by causing it to be delivered via electronic mail to the person named above at the address shown this 1st day of August, 2008.

15

          Respectfully submitted,

          MARA S. GEORGES
          Corporation Counsel
          City of Chicago


By: /s/ Thomas J. Aumann
   THOMAS J. AUMANN
   Assistant Corporation Counsel

City of Chicago, Department of Law
30 North LaSalle Street, Suite 1020
Chicago, Illinois  60602
(312) 744-1566 (Phone)
(312) 744-3989 (Fax)
Attorney No. 06282455